**David M. GORDON**

v.

**STATE TAX ASSESSOR.**\*

Supreme Judicial Court of Maine.

Argued Sept. 16, 1982.

Decided Jan. 25, 1983.

David M. Gordon, pro se (orally).

James E. Tierney, Atty. Gen., Clifford B. Olson (orally), Jerome S. Matus, Asst. Attys. Gen., Bureau of Taxation, Augusta, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE, and WATHEN, JJ.

ROBERTS, Justice.

The State Tax Assessor, acting through the Bureau of Taxation, determined that alimony paid by David M. Gordon, a nonresident taxpayer, could not be deducted as an adjustment in computing Gordon's Maine adjusted gross income. Upon the taxpayer's petition for judicial review pursuant to 36 M.R.S.A. § 151 (Supp.1982–1983) and 5 M.R.S.A. §§ 11001–11002 (1979 & Supp. 1982–1983), the Superior Court, Kennebec County, reversed the administrative decision and the Bureau appeals to this Court. We affirm the judgment of the Superior Court.

The facts of this case are undisputed. At all relevant times Gordon was a resident of New Hampshire. He derived his entire income from his sole employment at the Portsmouth Naval Shipyard in Kittery, Maine. Gordon filed a Maine Income Tax Return for the 1980 calendar year. He claimed a refund of $316.19. The Assessor, however, disallowed as a deduction alimony paid by Gordon in 1980 and adjusted Gordon's return accordingly. The adjustment resulted in a balance due of $15.86.

Following a hearing on Gordon's request for reconsideration, the Assessor denied relief, apparently on the basis of a Bureau

---

\* We have changed the caption in accordance with *Gordon v. Halperin,* 447 A.2d 61, n. 1 (Me.1982), but use only the official title as authorized by M.R.Civ.P. 25(d)(2).

"policy"[1] and on the ground that 36 M.R. S.A. §§ 5140 and 5142 (1978) do not permit nonresidents to deduct alimony payments as an adjustment on their Maine income tax returns. Gordon paid the assessment and appealed to the Superior Court.

The Superior Court correctly found that the "policy" applied by the Bureau was not established by the record and is not stated in Maine tax laws. The Superior Court *incorrectly determined*, however, that 36 M.R.S.A. § 5142 had "no relevance to these proceedings." The Superior Court then decided that the Bureau could not constitutionally deny the alimony deduction to a nonresident taxpayer while allowing the alimony deduction to residents. The court ordered a refund of the deficiency paid and a refund of the amount originally claimed by Gordon.[2]

The Maine statutes, pertinent to this appeal, relating to the computation of Maine adjusted gross income for nonresidents are found in 36 M.R.S.A. §§ 5140 and 5142 and provide as follows:

**§ 5140. Nonresident individuals—taxable income**

The taxable income of a nonresident individual shall be that part of his federal adjusted gross income derived from sources within this State determined by reference to section 5142 less the deductions and personal exemptions provided in this chapter.

**§ 5142. Adjusted gross income from sources in this State**

1. **General.** The adjusted gross income of a nonresident derived from sources within this State shall be the sum of the following:

A. The net amount of items of income, gain, loss, and deduction entering into his federal adjusted gross income which are derived from or connected with sources in this State including (i) his distributive share of partnership income and deductions determined under section 5192 and (ii) his share of estate or trust income and deductions determined under section 5176, and

B. The portion of the modifications described in section 5122 subsections 1 and 2 which relate to income derived from sources in this State, including any modifications attributable to him as a partner.

2. **Attribution.** Items of income, gain, loss, and deduction derived from or connected with sources within this State are those items attributable to:

A. The ownership or disposition of any interest in real or tangible personal property in this State; and

B. A business, trade, profession or occupation carried on in this State.

36 M.R.S.A. §§ 5140, 5142(1)–(2) (1978).

Based on these statutory provisions the Bureau argues that for any federal above-the-line deductions[3] to qualify as adjustments in computing Maine adjusted gross income for nonresidents, they must be "attributable" to an occupation "carried on in this State." Although the Bureau concedes that Gordon's alimony payments are related to his Maine income in the sense that the Maine income is the source of the payments, it contends that to be "attributable" to his occupation the payments must be caused by that occupation, such as a trade or business expense. If Gordon's position were correct, the Bureau argues, every *personal* expenditure of a nonresident taxpayer would qualify as an item attributable to the taxpayer's Maine trade or occupation. The Bureau's argument overlooks the fact that we are concerned only with those items of expenditure already determined to be allowable above-the-line deductions for federal in-

---

1. The Bureau stated in its letter to Gordon: "The Bureau does not tax alimony received by a nonresident, therefore, we take the position that we do not allow the deduction of the alimony paid by a nonresident."

2. The Bureau raises no issue on appeal concerning the amount of the refund so ordered.

3. Adjustments entering into the computation of adjusted gross income are commonly referred to as above-the-line deductions.

come tax purposes. Viewed as such, and reduced to the portion attributable to a Maine occupation, these deductions do not produce what the Bureau claims would be an absurd result.

■ Confusion arises from the Legislature's commingling of the definition of items of income and gain with items of loss and deduction. It may be inartful to refer to a *deduction* as an item attributable to an occupation carried on in this state when its only connection is that the occupation is the source of the income from which the deductible item is derived. Nevertheless, we are convinced that is exactly what the Legislature intended. Above-the-line deductions of alimony payments from federal ad-

justed gross income are to be allowed to the extent that they are payments made possible by income earned in Maine. Such deductions are apportioned by the percentage related to income earned in Maine. This pattern of apportionment is apparent throughout the Maine Income Tax Law. 36 M.R.S.A. §§ 5101–5341 (1978 & Supp.1982–1983).

■ For example, section 5142(1)(B) specifically includes the *portion* of the modifications described in section 5122(1) and (2),[4] which *relate* to income derived from sources in this state. Sections 5143–A (standard deduction),[5] 5144–A (itemized deductions),[6] and 5145 (personal exemptions)[7] all permit

---

4. 36 M.R.S.A. § 5122(1) and (2) (1978) reads as follows:

§ 5122. Modifications

1. **Additions.** There shall be added to federal adjusted gross income:

A. Interest or dividends on obligations or securities of any state or of a political subdivision or authority thereof (other than this State and its political subdivisions and authorities); and

B. Interest or dividends on obligations of any authority, commission, instrumentality, territory or possession of the United States which by the laws of the United States are exempt from federal income tax but not from State income taxes.

2. **Subtractions.** For tax years beginning on or after January 1, 1977, federal adjusted gross income shall be reduced by:

A. Interest or dividends on obligations of the United States and its territories and possessions or of any authority, commission or instrumentality of the United States to the extent includible in gross income for federal income tax purposes but exempt from state income taxes under the laws of the United States, provided that the amount subtracted shall be decreased by any expenses incurred in the production of the interest or dividend income to the extent that these expenses, including amortizable bond premiums, are deductible in determining federal adjusted gross income; and

B. An amount equal to the taxpayer's federal new jobs credit as determined under the laws of the United States.

5. 36 M.R.S.A. § 5143–A (Supp.1982–1983) reads as follows:

§ 5143–A. Standard deduction; nonresident

The standard deduction of a nonresident individual or of a nonresident husband and wife who file a joint return or of a nonresident married person who files a separate

return shall be the following, multiplied by a percentage arrived at by dividing the nonresident's adjusted gross income from sources within the State by his adjusted gross income he would be required to report if he were a resident:

1. **Single persons.** Single persons, the higher of a low-income allowance of $1,700 or 16% of his federal adjusted gross income up to a maximum deduction of $2,400;

2. **Married persons; joint returns.** Married persons filing joint returns or a surviving spouse, the higher of a low-income allowance of $2,100 or 16% of federal adjusted gross income up to a maximum deduction of $2,800; and

3. **Married person; separate return.** A married person filing a separate return, the higher of a low-income allowance of $1,050 or 16% of federal adjusted gross income up to a maximum deduction of $1,400, except that if either spouse uses the low-income allowance, both must use it.

6. 36 M.R.S.A. § 5144–A (Supp.1982–1983) reads as follows:

§ 5144–A Itemized deductions

The itemized deductions of a nonresident individual shall be determined in accordance with the provisions for a resident individual as contained in section 5125 and multiplied by a percentage arrived at by dividing the nonresident's adjusted gross income from sources within this State by his adjusted gross income he would be required to report if he were a resident.

7. 36 M.R.S.A. § 5145 (Supp.1982–1983) reads as follows:

§ 5145. Personal exemptions

A nonresident individual shall be allowed the personal exemptions allowed to resident

below-the-line adjustments in the same proportion that Maine adjusted gross income bears to federal adjusted gross income. Section 5142(6) [8] provides that items of business income and deduction be determined under Chapter 821, 36 M.R.S.A. §§ 5210–5211 (1978 & Supp.1982–1983), which provides generally for apportionment in relation to the percentage of business activity occurring within this state. The Maine nonresident tax form [Schedule NR] and instructions apparently extend this apportionment concept to all above-the-line adjustments. Line 5 of Schedule NR calls for the taxpayer to enter total moving expenses from line 23 of his federal return and then compute the Maine adjustment based upon the percentage that Maine income bears to total income. Line 6 of Schedule NR calls for the taxpayer to enter total employee business expense from line 24 of his federal return and then figure "any portion of this amount that pertains to Maine." Line 7 calls for the taxpayer to enter amounts from lines 25 through 29 of his federal return relating to (a) payments to an IRA (line 25), (b) payments to a Keogh retirement plan (line 26), (c) interest penalty on early withdrawal of savings (line 27), (d) alimony paid (line 28), and (e) disability income exclusion (line 29), and then figure "any portion that pertains to Maine." Clearly not all of these adjustments are "business-related expenses" or "caused by [the taxpayer's] occupation" as the Bureau claims they must be. We think they are, however, items of deduction related to Maine in the sense that Maine is the source of the income.

Our interpretation is consistent with the overall legislative purpose, as well as with the plain meaning of the statute. Unless and until the Legislature provides otherwise, the apportionment principle will apply to alimony payments. Because Gordon's income is totally derived from his Maine occupation, the total of the alimony payments is allowable as a deductible adjustment in determining Maine adjusted gross income.[9]

The entry is:

Judgment affirmed.

GODFREY, NICHOLS and WATHEN, JJ., concurring.

CARTER, Justice, with whom VIOLETTE, Justice joins, dissenting.

I dissent. It is not that the Court's conclusion is unreasonable in the abstract. It is, rather, that it is not properly for the Court to determine, in the first instance, the policy content of the tax laws of this State.

The Maine Income Tax provisions "piggyback" the federal tax laws. Thus,

[t]he taxable income of a nonresident individual shall be that part of his *federal adjusted gross income* derived from sources within this State determined by reference to section 5142 less the deductions and personal exemptions provided in this chapter.

36 M.R.S.A. § 5140 (1978) (emphasis added). By adopting this piggyback approach, "the Legislature intended to resolve *a priori,* semantic conflicts such as those suggested by the bare words of the statute." *Tiedemann v. Johnson,* 316 A.2d 359, 364 (Me.1974).

---

individuals under section 5126, multiplied by a percentage arrived at by dividing the nonresident individual's adjusted gross income from sources within this State by his adjusted gross income he would be required to report if he were a resident.

**8.** 36 M.R.S.A. § 5142(6) (1978) reads as follows:

**6. Apportionment and allocation.** If a business, trade, profession or occupation is carried on partly within and partly without this State, the items of income and deduction

derived from or connected with sources within this State shall be determined as allocated or apportioned to this State under chapter 821 or in the case of the rendering of purely personal services by an individual under regulations to be prescribed by the assessor.

**9.** We do not reach and express no opinion on the constitutional implications, if any, of disallowing an adjustment for alimony paid by nonresidents, while permitting such an adjustment for Maine residents.

Under federal law, adjusted gross income is gross income, 26 U.S.C. § 61 (1967), minus the deductions specified in 26 U.S.C. § 62 (1976), which *now* include a deduction for alimony as allowed by section 215. 26 U.S.C. § 62(13) (1976). Prior to taxable years beginning January 1, 1977, however, alimony was an *itemized deduction,* which was deductible from federal adjusted gross income in determining federal taxable income. 26 U.S.C. § 215 (1978).

As noted, the Maine taxable income of a nonresident is "that part of his federal adjusted gross income derived from sources within this State" minus, among other things, the itemized deductions provided in section 5144.[1] For taxable years beginning prior to January 1, 1977, therefore, in proceeding from adjusted gross income to taxable income, a nonresident was allowed a prorated itemized deduction for alimony on Maine income tax.

For taxable years beginning after January 1, 1977, however, alimony was not available as an itemized deduction for Maine income tax *because of the federal amendment.* For taxable years beginning after January 1, 1977, therefore, a nonresident may take an above-the-line deduction for alimony on his Maine income tax only if the alimony is attributable to sources within Maine.

The majority determines that alimony is attributable to Maine if the nonresident pays the alimony from income earned in Maine; the majority concludes that "that is exactly what the Legislature intended." 455 A.2d at 59. I think this is a strained and wholly unwarranted construction of the statute. The Legislature has had over five years to amend Maine's income tax laws to reflect the change in the federal status of alimony from an itemized deduction to an above-the-line deduction if it wished to do so. The Legislature has made several changes in the tax laws but it has not paralleled a change in the federal law on that point.

It is not the task of this Court to correct gratuitously any perceived omission by the Legislature. In the effort to transform a pre-1977 itemized deduction into a post-1977 above-the-line deduction, the majority spawns an artificial and empirically unsupportable construction of the language of section 5142. It was properly for the Legislature to adopt the federal-state piggyback approach to the tax laws. It did so. It is now solely the task of the Legislature to

1. Prior to January 1, 1980, § 5144 provided:

1. General. If the federal taxable income of a nonresident individual is determined by itemizing deductions from his federal adjusted gross income, he may elect to deduct his itemized deductions connected with income derived from sources within this State in lieu of taking the standard deduction. Subject to the limitation in subsection 2, the itemized deductions of a nonresident individual shall be the same as for a resident individual determined under section 5125. A husband and wife both of whom are required to file returns under this Part shall be allowed to itemize deductions connected with income derived from sources within this State only if both elect to itemize their deductions.

2. Limitation. If the amount of adjusted gross income a nonresident individual would be required to report under section 5121 if he were a resident, exceeds by more than $100 the amount of adjusted gross income he receives from sources within this State, his itemized deductions shall be limited by the percentage which his adjusted gross income from sources within this State is to the adjusted gross income he would be required to report if he were a resident. For purposes of this apportionment, a nonresident individual may elect to treat his federal adjusted gross income as adjusted gross income from sources within this State unless the amount of the modifications increasing federal adjusted gross income under section 5122 would exceed $100.

Section 5144 was repealed and replaced by § 5144–A, effective January 1, 1980, which provides essentially the same proration of itemized deductions. Section 5144–A provides:

The itemized deductions of a nonresident individual shall be determined in accordance with the provisions for a resident individual as contained in section 5125 and multiplied by a percentage arrived at by dividing the nonresident's adjusted gross income from sources within this State by his adjusted gross income he would be required to report if he were a resident.

maintain that piggyback position. If the Legislature does not maintain this position, either intentionally or unintentionally—and we will rarely know why—the plain meaning of the statute should prevail. *Franklin Property Trust v. Foresite, Inc.,* 438 A.2d 218, 222 (Me.1981).

This Court does not have a roving commission to remove all inconsistency from the State's tax laws on matters of tax policy. The Court should rest satisfied with the performance of its proper function of *construction* of the tax laws and be content to let the Legislature take whatever time it desires to *make* those tax laws.