BAKER ET AL., APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Baker *v.* Lindley (1983), 5 Ohio St. 3d 195.]

(No. 82-1642—Decided June 22, 1983.)

*Mr. Jerome J. Donnellon,* for appellants.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* This cause presents a single issue: whether appellants are liable for the tax imposed under R.C. 5709.02 on shares deposited in a federal credit union for the 1980 tax year. In resolving this issue, the starting point

for analysis requires a determination of what property appellants were required to list on their return.

R.C. 5711.03 provides, in part, that "* * * all *taxable property* shall be listed as to ownership or control, valuation, and taxing districts as * * * of the first day of January, annually * * *." (Emphasis added.) The term "taxable property" is defined in R.C. 5711.01(A) as including "* * * all kinds of property, except real property, mentioned in section[s] 5709.01 and 5709.02 of the Revised Code * * *." The taxable property specified under R.C. 5709.02 includes "[a]ll money, credits, investments, *deposits,* and other intangible property of persons residing in this state * * *."[1] (Emphasis added.) Clearly, the shares on deposit in the federal credit union were subject to the intangibles tax.

Appellants contend, however, that the assessment, in reality, constitutes a tax imposed on financial institutions pursuant to R.C. Chapter 5725. As such, appellants maintain that the obligation to pay the tax rests with the institution in which the shares are deposited. See R.C. 5725.07. Appellants' contention necessitates an examination of the provisions of R.C. 5711.01(A) and 5711.03.

R.C. 5711.01(A) excludes from taxation such investments and deposits as are taxable at the source under R.C. Chapter 5725. The principle is further expanded upon under R.C. 5711.03, which provides that "* * * deposits not taxed at the source shall be listed as of the day fixed by the commissioner of tax equalization for the listing of deposits taxed at the source pursuant to section 5725.05 of the Revised Code." Thus, the focus of our inquiry narrows to a determination of whether deposits held by a federal credit union were taxable at the source for the 1980 tax year. If Mrs. Baker's shares were not taxable at the source, *i.e.,* to the financial institution in which the shares were deposited, then the shares were required to be listed on the return and the subject assessment must be affirmed.

Pursuant to Section 1768, Title 12, U.S. Code, Congress has exempted federal credit unions from all federal, state and local taxation, except real property and tangible personal property which may be taxed in accordance with other similarly situated property. Although depositors' holdings may be taxed under Section 1768 of Title 12, federal credit unions are specifically relieved of all duties or burdens of collecting and remitting any such taxes. In pertinent part, Section 1768 provides:

"* * * Nothing herein contained shall prevent holdings in any Federal credit union * * * from being included in the valuation of the personal property of the owners or holders thereof in assessing taxes imposed by authority of the State or political subdivision thereof in which the Federal credit union is located; *but the duty or burden of collecting or enforcing the payment of such*

---

[1] Appellants do not contest that the shares constitute "deposits" as that term is defined under R.C. 5701.05 and utilized in R.C. 5709.02.

*a tax shall not be imposed upon any such Federal credit union * * *.''* (Emphasis added.)

In view of the foregoing, the commissioner could not require the General Electric Corporation Federal Credit Union to collect the tax and forward it to the state on appellants' behalf. Accordingly, pursuant to R.C. 5711.01(A) and 5711.03, Mrs. Baker's deposits constituted taxable property which were required to be listed on appellants' 1980 personal property tax return and for which they are liable for the tax due thereon.[2]

For the foregoing reasons, we conclude that the decision of the Board of Tax Appeals is reasonable and lawful and, accordingly, it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, RESNICK, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

RESNICK, J., of the Sixth Appellate District, sitting for SWEENEY, J.

---

[2] Appellants further contest the validity of an April 1963 agreement between the Ohio Department of Taxation, the Bureau of Federal Credit Unions, and the Ohio Credit Union League. Despite the limitations imposed under Section 1768, Title 12, U.S. Code, the bureau agreed to issue a ruling to the extent that it would be within the power of federal credit unions to file returns and accompanying payments representing intangible personal property taxes attributable to depositors' accounts.

Although appellants contend that this agreement violates the express prohibitions under Section 1768, Title 12, the record is clear that for the tax year in question, the General Electric Corporation Federal Credit Union chose not to abide by the agreement. Accordingly, since the deposits were not taxed at the source, appellants remain liable for the taxes assessed thereon.