## NORTHEAST FEDERAL CREDIT UNION

v.

Anthony J. NEVES; James N. Black; Lester D. House, Jr.; Kevin J. Kelley; Frank R. Lowell, Jr.; Allen R. Hill; James G. Mendros; Clarence Papineau; Lionel A. Gravel; Gayle A. Reed; Antonio D. Bastianelli; Ernest R. Pouliot; Linda Pouliot; Richard A. Lavallee; Burns H. Bolstridge; Paul A. Brown; Richard W. Boisvert; Joseph M. Fransoso; Christopher O. Sheahan; David J. Levasseur; Roger W. Labranche; Thomas E. Gough; Cathy Burgess; Roland R. Eldridge, Jr.; Tab M. Burgess; Dennis R. Boulard; Peter A. Paige; Douglas W. French; Raymond J. Brien; Shirley Brien; Alan R. Cosseboom; William T. Callahan, Jr.; Richard J. Viel; Electra Viel; Richard L. Bonenfant; Gary P. Fieldsend; Merton E. Twombly.

Civ. No. 87–275–D.

United States District Court, D. New Hampshire.

July 15, 1987.

C. Russell Shillaber, Rochester, N.H., for plaintiff.

Crombie J.D. Garrett, Deputy Atty. Gen., Portland, Me., for defendants.

## OPINION AND ORDER

DEVINE, Chief Judge.

The unusual circumstances of this litigation concern the invocation by a federally-chartered credit union of the equitable relief provided by the federal interpleader statute. 28 U.S.C. § 1335.[1] The relief here sought is by medium of injunction against levy of state taxes on the accounts of certain of the Credit Union's customers. 28 U.S.C. § 2361.[2]

Plaintiff Northeast Federal Credit Union ("NEFCU") is chartered under the provisions of the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq.* Its principal place of business is located in Portsmouth, New Hampshire, but it has branches in Manchester, Concord, and Dover in that state. Also, and specifically relevant to this litigation, it maintains a branch at the United States Naval Shipyard, which is located in Kittery, Maine.

Defendant Anthony J. Neves is the Tax Assessor for the State of Maine. Maine

---

1. 28 U.S.C. § 1335 provides:
    (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
    (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned

upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
    (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

2. 28 U.S.C. § 2361 provides:
    In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.
    Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

imposes income taxes on nonresidents.[3] The additional defendants named in the complaint herein are New Hampshire residents who at relevant times were employed at the Shipyard and who are also members of NEFCU.

On June 12, 1987, pursuant to the applicable collection provisions of the Maine income tax statute, 36 Maine Revised Statutes Annotated ("M.R.S.A.") § 176 (Supp. 1986), defendant Neves mailed notice of levy on accounts of 53 New Hampshire resident Shipyard employees who he believed to also be members of NEFCU.[4] On receipt of the notice of levy, NEFCU initially ascertained that 34 of the allegedly delinquent taxpayers therein named held current accounts with it. It therefore prepared and forwarded to defendant Neves checks totaling $24,402.16. Upon further reflection, however, it stopped payment on said checks.

The State of Maine followed by filing in a state court an action against NEFCU seeking to enforce the provisions of 36 M.R.S.A. § 176 (Supp.1986), *supra* note 4, including its penalty.[5] In turn, NEFCU brought the instant action in this court.[6]

The parties concede that the requisite jurisdiction exists pursuant to 28 U.S.C. § 1335.[7] Plaintiff's position, unaccompanied by citation, is that as its principal

place of business is located in Portsmouth, New Hampshire, the Maine courts lack jurisdiction over it for purposes of enforcing any tax delinquency and must therefore reduce their claims to judgment in Maine and then seek to enforce such judgment in a New Hampshire court. Defendant Neves disagrees with this argument and contends that this Court is barred from proceeding further because of the provisions of the anti-tax injunction statute, 28 U.S.C. § 1341. For reasons mentioned by counsel for neither party, the Court finds and rules that NEFCU is entitled by means of relevant provisions of the Federal Credit Union Act to the relief which it here seeks.

The anti-tax injunction statute, 28 U.S.C. § 1341, provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

■ Motivated by recognition of the imperative need of a state to administer its own fiscal operations, *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522, 101 S.Ct. 1221, 1233–34, 67 L.Ed.2d 464 (1981), 28 U.S.C. § 1341 bars actions in federal courts where the state provides adequate judicial remedies, even though such remedies are

---

**3.** Prior to 1986, Maine imposed an income tax on nonresidents which was prorated to the income earned within the state. A challenge to imposition of such tax mounted by a New Hampshire resident employed in the Shipyard was unsuccessful. *Barney v. State Tax Assessor,* 490 A.2d 223 (Me.), *cert. denied,* —— U.S. ——, 106 S.Ct. 90, 88 L.Ed.2d 73 (1985). The 1986 amendments to the statute indicate that it is currently of wider scope, but it is unnecessary for the Court to consider the context of the statute in its resolution of the issues presented in the instant litigation.

**4.** Generally, 36 M.R.S.A. § 176 (Supp.1986) grants power to the state tax assessor to levy on property of delinquent taxpayers. Any "person" in possession of such property upon whom a notice of levy is served is required to comply "in a timely fashion". *Id.* Failure to so comply is penalized by imposition of a 50 percent penalty. *Id.*

**5.** The Maine tax statute defines the term "person" broadly as follows:

'Person' means an individual, firm, partnership, association, society, club, corporation, estate, trust, business trust, receiver, assignee or any other group or combination acting as a unit, taxable entity, the State or Federal Government or any political subdivision or agency of either government.
36 M.R.S.A. § 111(3) (Supp.1986).

**6.** The instant action was filed in this court on the afternoon of Thursday, July 9, 1987, and upon review of same the Court ordered a hearing before it on the morning of Monday, July 13, 1987.

**7.** The interpleader statute, 28 U.S.C. § 1335, requires only "minimal diversity"; that is, diversity of citizenship between two or more claimants. *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530–31, 87 S.Ct. 1199, 1203–04, 18 L.Ed.2d 270 (1967). The existence of such diversity between NEFCU and Mr. Neves is therefore sufficient for jurisdictional purposes.

not as liberal as the remedies that would be afforded a claimant in a federal court. *Chasan v. Village Dist. of Eastman,* 572 F.Supp. 578, 584 (D.N.H.1983), *aff'd without opinion,* 745 F.2d 43 (1984); *McCann v. Silva,* 455 F.Supp. 540, 543 (D.N.H.1978). If the statute were here applicable, review of the remedies afforded with reference to tax claims pursuant to 36 M.R.S.A. demonstrate that such remedies would comply with the statutory requirements.

■ However, federally chartered credit unions are unique federal institutions who have been granted exemption from state taxes. *First Fed. Sav. & Loan Assoc. v. Massachusetts Tax Comm'n,* 437 U.S. 255, 260, 98 S.Ct. 2333, 2336–37, 57 L.Ed.2d 187 (1978); *Branch Bank & Trust Co. v. Nat'l Credit Union Admin. Bd.,* 786 F.2d 621 (4th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 948, 93 L.Ed.2d 997 (1987). They are, in fact, federal instrumentalities upon which taxes of the type here at issue may not be imposed. *United States v. State of Maine,* 524 F.Supp. 1056, 1058–59 (D.Me. 1981); *United States v. State of Michigan,* 635 F.Supp. 944, 946–47 (D.Mich.1985). Accordingly, the provisions of 28 U.S.C. § 1341 are not applicable to NEFCU. *Department of Employment v. United States,* 385 U.S. 355, 357–58, 87 S.Ct. 464, 466, 17 L.Ed.2d 414 (1966). Nor is joinder of the United States as a co-plaintiff required to establish this immunity. *Federal Reserve Bank of Boston v. Commissioner of Corporations and Taxation,* 499 F.2d 60, 62 (1st Cir.1974).

Specifically relevant to the instant litigation is the following section of the Federal Credit Union Act:

The Federal credit unions organized hereunder, their property, their franchises, capital, reserves, surpluses, and other funds, and their income shall be exempt from all taxation now or hereafter imposed by the United States or by any State, Territorial, or local taxing authority; except that any real property and any tangible personal property of such Federal credit unions shall be subject to Federal, State, Territorial, and local taxation to the same extent as other similar property is taxed. Nothing herein contained shall prevent holdings in any Federal credit union organized hereunder from being included in the valuation of the personal property of the owners or holders thereof in assessing taxes imposed by authority of the State or political subdivision thereof in which the Federal credit union is located; *but the duty or burden of collecting or enforcing the payment of such a tax shall not be imposed upon any such Federal credit union* and the tax shall not exceed the rate of taxes imposed upon holdings in domestic credit unions.

12 U.S.C. § 1768 (emphasis added).

■ There is no ambiguity in the above-emphasized language of 12 U.S.C. § 1768. Its mandate is clear. A state may include the holdings of any federal credit union in evaluating the personal property of the owners thereof for tax assessment purposes, but it may not impose upon the credit union any duty of collecting or enforcing payment of such taxes. *Baker v. Lindley,* 5 Ohio St.3d 195, 449 N.E.2d 1301, 1303 (1983). As was the case with respect to the federal reserve bank at issue in the case of *Federal Reserve Bank of Boston v. Commissioner of Corporations and Taxation,* 520 F.2d 221 (1st Cir.1976), an applicable federal statute here grants NEFCU exemption from any attempts at levy or collection of this tax by the Maine taxing authorities.

For the reasons hereinabove detailed, it is accordingly herewith ORDERED:

1. The defendant Anthony J. Neves, his agents, servants, or employees, and any state taxing authorities of the State of Maine acting in cooperation or concert with him are herewith enjoined, restrained, and otherwise ordered to cease and desist any attempts at imposition of a levy seeking to collect or enforce payment of any Maine state taxes upon the plaintiff Northeast Federal Credit Union, its branches, servants, agents, or employees as said Northeast Federal Credit Union is a federal instrumentality which is specifically exempted by federal statute, 12 U.S.C. § 1768,

from being required to collect or enforce such taxes.

2. Pending either appeal or the filing of a written stipulation executed by counsel for the respective parties that further appeal is not contemplated, the funds currently on deposit in the money market account at Indian Head National Bank, 848 Islington Street, Portsmouth, New Hampshire, pursuant to the July 9, 1987, Order of this Court shall remain on deposit in said account.

3. Should timely appeal be filed, the said account shall be maintained pending the final outcome of the appellate process. Should the parties file a proper stipulation of dismissal, then NEFCU may accompany same by a request for further relief with respect to returning the funds to its possession.

SO ORDERED.